MARY JEAN LOWER, Plaintiff-Appellant, v. LANARK MUTUAL FIRE INSURANCE COMPANY *et al.*, Defendant-Appellees.

Second District No. 2—85—1035

Opinion filed December 31, 1986.

472

Richard A. Palmer, of Ward, Murray, Pace & Johnson, P.C., of Sterling, for appellant.

Bernard P. Reese, Jr., and Edward J. Mitchell, both of Reese, Reese & Bagley, and Gregory E. Barrett, of Schlueter, Ecklund, Olson, Barrett & Moore, all of Rockford, for appellees.

JUSTICE WOODWARD delivered the opinion of the court:

This is the second appeal resulting from the ongoing litigation between plaintiff, Mary Jean Lower, and the defendants, Lanark Mutual Fire Insurance Company (Lanark) and the directors of said company.

The history of this litigation is succinctly set forth in this court's opinion in *Lower v. Lanark Mutual Fire Insurance Co.* (1983), 114 Ill. App. 3d 462, and, therefore will not be restated in full here. However, by way of background, on December 27, 1979, the plaintiff filed a shareholder's derivative action against Lanark as a nominal defendant and members of Lanark's board of directors. The complaint in equity alleged that plaintiff was a policyholder of Lanark, that Lanark was an insurance company organized and operated pursuant to statute, and that the individual defendants were all directors of Lanark. The complaint further alleged that the individual defendant, Alma Dollinger, was the secretary of Lanark with sole charge, control, and management of all of the company's business at its principal office. As a result, it was her duty to receive, pay over, and account to Lanark for all money received by her in the course of her employment or in the management or direction of Lanark's business. The complaint further alleged that Dollinger had endorsed and deposited into her

own account service-fee checks and had covered up these transfers by keeping the books in a careless and fraudulent manner. As a result, considerable sums of money had been lost to the company.

The only allegation against the directors was that in response to plaintiff's request for an accounting, they sought an accounting of the fees paid for the year 1978, but did not seek to recover such fees paid between 1973 and 1978. For her relief, plaintiff sought a complete accounting from Dollinger of the service fees, a money judgment against Dollinger for the benefit of Lanark in the amount of the service fees plus interest, a money judgment against the directors, jointly and severally, for the same amount, an order directing the defendant directors to discharge the secretary, and plaintiff's attorney fees.

Upon remand by this court, counsel for Lanark and six of the nine directors filed motions to dismiss contending that plaintiff had lost her standing to maintain the suit because she was no longer a Lanark policyholder. Plaintiff contended that her termination as a policyholder was involuntary, and that, therefore, she did in fact have standing to continue the suit. The trial court entered an order finding that plaintiff did not have standing to pursue the action and granted the motions to dismiss. The remaining three directors filed identical motions to dismiss which were granted by the trial court. Plaintiff appeals.

The sole issue raised on appeal is whether the trial court erred when it determined that plaintiff lacked standing to maintain the shareholder's derivative suit.

■■ ■ When an officer, director, or controlling shareholder breaches a duty to the corporation, a shareholder has no standing to bring a civil action at law against faithless directors and managers because the corporation and not the shareholder suffered the injury. Equity, however, allows a shareholder to step into the corporation's shoes and seek its right of restitution that he could not demand on his own. (*Lewis v. Knutson* (5th Cir. 1983), 699 F.2d 230.) However, a plaintiff in a shareholder's derivative suit must have been a shareholder at the time of the transaction of which he complains and must maintain his status as a shareholder throughout the entire pendency of the action. (*Portnoy v. Kawecki Berylco Industries* (7th Cir. 1979), 607 F.2d 765, 767.) The underlying rationale for the rule is that because a shareholder will receive at least an indirect benefit (in terms of increased shareholder equity) from a corporate recovery, he has an adequate interest in vigorously litigating the claims. A nonshareholder or one who loses his shareholder interest during the course of the liti-

gation may lose any incentive to pursue the litigation adequately. *Portnoy v. Kawecki Berylco Industries* (7th Cir. 1979), 607 F.2d 765, 767; *Arnett v. Gerber Scientific, Inc.* (S.D.N.Y. 1983), 566 F. Supp. 1270.

Plaintiff does not dispute the existence of the above rule. Rather, she argues that her loss of status as a policyholder was involuntary and that her situation is analogous to those situations where shareholders have lost their shares due to some type of involuntary freeze-out or merger. See *Arnett v. Gerber Scientific* (S.D.N.Y. 1983), 566 F. Supp. 1270; *Miller v. Steinbach* (S.D.N.Y. 1967), 268 F. Supp. 255.

We disagree with plaintiff that the termination of her status as a shareholder was "involuntary." The record before us reveals that plaintiff cancelled all but one of her insurance policies with Lanark. On July 1, 1982, Lanark advised plaintiff that it was cancelling the remaining policy. A complaint was filed with the Illinois Department of Insurance, and the cancellation was rescinded. However, Lanark advised plaintiff that when the policy expired on December 24, 1982, it would not be renewed. Thus, while plaintiff's termination was not "voluntary" from her point of view, neither was it "involuntary" so as to reach the status of an involuntary freeze or merger so as to justify a departure from the rule. Compare *Arnett v. Gerber Scientific, Inc.* (S.D.N.Y. 1983), 566 F. Supp. 1270; *Miller v. Steinbach* (S.D.N.Y. 1967), 268 F. Supp. 255.

We hold therefore that the trial court correctly found that the plaintiff no longer had standing to maintain the shareholder's derivative action against the defendants, and we affirm the judgment of the circuit court of Carroll County.

Affirmed.

REINHARD and UNVERZAGT, JJ., concur.