Sidney J. SILVER, and Rebecca Whelan, derivatively and on behalf of Unicom Corporation and Commonwealth Edison Company, Illinois Corporations, Plaintiffs,

v.

Jean ALLARD, Edward A. Brennan, James W. Compton, Bruce Demars, Sue L. Gin, Donald P. Jacobs, Edgar D. Jannotta, George E. Johnson, Edward A. Mason, Leo F. Mullin, James J. O'Connor, Frank A. Olson, and Samuel K. Skinner, Defendants,

and

Unicom Corporation and Commonwealth Edison Company, Illinois Corporations, Nominal Defendants.

Steven J. GUTTER, derivatively and on behalf of Unicom Corporation and Commonwealth Edison Company, Illinois Corporations, Plaintiffs,

v.

Jean ALLARD, Edward A. Brennan, James W. Compton, Bruce Demars, Sue L. Gin, Donald P. Jacobs, Edgar D. Jannotta, George E. Johnson, Edward A. Mason, Leo F. Mullin, James J. O'Connor, Frank A. Olson, and Samuel K. Skinner, Defendants,

and

Unicom Corporation and Commonwealth Edison Company, Illinois Corporations, Nominal Defendants.

Nos. 97 C 8343, 97 C 8617.

United States District Court, N.D. Illinois, Eastern Division.

Aug. 18, 1998.

Marvin Alan Miller, Kenneth A. Wexler, Miller, Faucher, Cafferty and Wexler, L.L.P., Chicago, IL, Stuart H. Savett, Savett, Frutkin, Podell & Ryan, P.C., Philadelphia, PA, Paul O. Paradis, Pomerantz, Levy, Haudek, Block & Grossman, New York, NY, Marc I. Gross, New York, NY, Arnold Levin, Levin, Fishbein, Sedran & Berman, Philadelphia, PA, for Plaintiffs.

Barbara S. Steiner, Anton Ronald Valukas, C. John Koch, Mark D. Pollack, Jenner & Block, Chicago, IL, for Jean Allard, Edward A. Brennan, James W. Compton, Bruce Demars, Sue L. Gin, Donald P. Jacobs, Edgar D. Jannotta, George E. Johnson, Edward E. Mason, Leo F. Mullin, James J. O'Connor, Frank A. Olson, Samuel K. Skinner.

Janice R. Forde, Kevin Michael Forde, Mary Anne Elizabeth Mason, Kevin M. Forde, Ltd., Chicago, for Unicom Corp.

### *OPINION AND ORDER*

NORGLE, District Judge.

Before the court are the motions of Defendants and Nominal Defendants to dismiss [Docket Nos. 48–1; 50–1] Plaintiffs' consolidated complaint. For the following reasons, the motions of Defendants and Nominal Defendants are granted.

## I. BACKGROUND

On May 8, 1998, Plaintiffs, Sidney J. Silver, Rebecca Whelan, and Steven J. Gutter, as shareholders[1] of Unicom Corporation ("Unicom") filed a Consolidated Derivative Action Complaint for Breach of Fiduciary Duty. The Shareholders seek to bring a "double derivative suit"[2] on behalf of Unicom and Commonwealth Edison Company ("ComEd"), Illinois corporations, pursuant to

---

1. Although Plaintiffs assert that they are shareholders of Unicom, they do not provide any further information.

2. A double derivative suit is one in which a "shareholder of a holding company seeks to en-

force a right belonging to the subsidiary, [but] only derivatively to the holding company." *Brown v. Tenney,* 125 Ill.2d 348, 126 Ill.Dec. 545, 532 N.E.2d 230, 233 (1988).

the State of Illinois.[3] Unicom is a holding company[4] for ComEd; ComEd owns and operates several nuclear power plants and provides electricity to a diverse base of customers.

Plaintiffs allege that ComEd's Board of Directors (who were also Unicom's Board of Directors), Jean Allard, Edward A. Brennan, James W. Compton, Bruce Demars, Sue L. Gin, Donald P. Jacobs, Edgar D. Jannotta, George E. Johnson, Edward A. Mason, Leo F. Mullin, James J. O'Connor, Frank A. Olson, and Samuel K. Skinner ("Directors"), breached their fiduciary duties to Unicom and ComEd by (1) permitting ComEd and its employees to operate its nuclear power plants in violation of applicable government regulations; (2) failing to provide the financial and human resources necessary to insure that ComEd's nuclear power plants were operated in compliance with applicable government regulations; and (3) failing to implement remedial programs or establish procedures to monitor the effectiveness of such programs.

Defendants argue that the consolidated complaint should be dismissed because Plaintiffs have failed to make a demand upon the Board of Directors of Unicom and ComEd to initiate the lawsuit and have failed to plead facts with sufficient particularity to excuse such a pre-suit demand.

## II. DISCUSSION [5]

■ In a derivative suit, an individual shareholder seeks to enforce a right that belongs to the corporation. *See Kamen v. Kemper Fin. Servs., Inc.,* 500 U.S. 90, 95, 111 S.Ct. 1711, 114 L.Ed.2d 152 (1991). In a double derivative suit, such as the present case, a "shareholder of a holding company seeks to enforce a right belonging to the subsidiary, [but] only derivatively to the holding company." *Brown v. Tenney,* 125 Ill.2d 348, 126 Ill.Dec. 545, 532 N.E.2d 230,

233 (1988). "Devised as a suit in equity, the purpose of the derivative action was to place in the hands of the individual shareholder a means to protect the interests of the corporation from the misfeasance and malfeasance of 'faithless directors and managers.'" *Kamen,* 500 U.S. at 95, 111 S.Ct. 1711. However, in order to maintain "the basic principle of corporate governance that the decisions of a corporation—including the decision to initiate litigation—should be made by the board of directors or the majority of shareholders," many jurisdictions have required a pre-suit demand. *Id.* 500 U.S. at 96, 101, 111 S.Ct. 1711.

■ Generally, the demand requirement imposes as a prerequisite to a derivative suit that the shareholder make a demand upon the board of directors to enforce a corporate right or demonstrate that extraordinary conditions exist to excuse such a pre-suit demand. *Id.* 500 U.S. at 95, 111 S.Ct. 1711. The purpose underlying the demand requirement is to provide the directors an opportunity to exercise their business judgment and determine whether litigation is in the best interest of the corporation. *Id.* 500 U.S. at 96, 111 S.Ct. 1711 (alteration in original) (internal quotation marks and citations omitted); *see also Spillyards v. Abboud,* 278 Ill. App.3d 663, 215 Ill.Dec. 218, 662 N.E.2d 1358, 1366 (1996) ("The purpose of this rule is to give the corporation the opportunity to rectify an alleged wrong without litigation through intracorporate dispute resolution and to control any litigation which does arise."). However, to the extent that the demand requirement allows a pre-suit demand to be excused, it allows the shareholder to circumvent the directors' authority to control corporate litigation. *Id.* 500 U.S. at 101, 111 S.Ct. 1711.

■ Because the demand requirement delineates the respective powers of the share-

---

**3.** Unicom and ComEd are also named in the Shareholders' complaint as Nominal Defendants.

**4.** "A holding company is a corporate body with a concentrated ownership of shares of stock in another company, by which it exercises control, supervision or influence over the policies and management of the company whose shares it

holds." *Brown,* 126 Ill.Dec. 545, 532 N.E.2d at 233.

**5.** The parties agree that the issues presented in the motions before the court are governed by Illinois law. *Cf. Boland v. Engle,* 113 F.3d 706, 710 (7th Cir.1997) (The pre-suit demand requirement is governed by state substantive law.).

holder and the directors, the substantive law of the state of incorporation should be applied. *Id.; Boland v. Engle,* 113 F.3d 706, 710 (7th Cir.1997); *Starrels v. First Nat'l Bank of Chicago,* 870 F.2d 1168, 1170 (7th Cir.1989). Under Illinois law, "[a] complaint in a proceeding brought in the right of a corporation must allege with particularity the demand made, if any, to obtain action by the directors and either why the complainant could not obtain the action or why he or she did not make the demand...." 805 Ill. Comp. Stat. 5/7.80(b); *see also Schnitzer v. O'Connor,* 274 Ill.App.3d 314, 210 Ill.Dec. 630, 653 N.E.2d 825, 829 (1995) ("whether demand is made or proven futile is merely a prerequisite to a derivative action under Illinois' demand statute"). In a double derivative suit, the shareholder must make a pre-suit demand upon both the holding company and the subsidiary. *See Brown,* 126 Ill.Dec. 545, 532 N.E.2d at 235–36.

In order for federal courts to apply state law properly, Federal Rule of Civil Procedure 23.1 requires the shareholder to "allege with particularity the efforts, if any, made by the plaintiff to obtain the action the plaintiff desires from the directors ... and the reasons for the plaintiff's failure to obtain the action or for not making the effort." Rule 23.1 is a rule of procedure, governing the adequacy of the shareholder's pleading, and cannot be interpreted to "'abridge, enlarge or modify any substantive right.'" *Kamen,* 500 U.S. at 96, 111 S.Ct. 1711 (citation omitted). Accordingly, the law of the state of incorporation, here Illinois, controls the substantive rights of the shareholder and the directors. *Id.* 500 U.S. at 101, 111 S.Ct. 1711.

■ Plaintiffs argue that the pre-suit demand requirement should be excused as futile. When demand is excused, "the shareholder enjoys the right to initiate 'suit on behalf of his corporation in disregard of the directors' wishes.'" *Id.* 500 U.S. at 96, 111 S.Ct. 1711 (citation omitted). The "futility" exception to the demand requirement, therefore, establishes the circumstances in which the shareholder is allowed to circumvent the directors' authority to manage corporate affairs. *Id.* 500 U.S. at 102, 111 S.Ct. 1711.

Whether the shareholder should be permitted to proceed with a derivative suit "without making demand typically is made at the outset of the litigation and is based on the application of the State's futility doctrine." *Id.* 500 U.S. at 104, 111 S.Ct. 1711. Hence, the court must "attempt to predict how the Illinois Supreme Court would decide the issues presented here. [Citations omitted]. Where the Illinois Supreme Court has not ruled on an issue, decisions of the Illinois Appellate courts control, unless there are persuasive indications that the Illinois Supreme Court would decide the issue differently." *Allen v. Transamerica Ins. Co.,* 128 F.3d 462, 466 (7th Cir.1997). The court will also consider law from other jurisdictions only insofar as they are consistent with the principles of Illinois law. *See Zenith Ins. Co. v. Employers Ins. of Wausau,* 141 F.3d 300, 304 (7th Cir.1998).

■ To determine whether demand is futile, Illinois courts apply the two-prong standard the Delaware Supreme Court articulated in *Aronson v. Lewis,* 473 A.2d 805 (Del. 1984). *See Abbott Laboratories Derivative Litig.,* No. 93 C 3827, 1994 WL 31034, at *1 (N.D.Ill. Feb. 2, 1994), *rev'd on other grounds sub nom, Seinfeld v. Austen,* 39 F.3d 761 (7th Cir.1994); *Powell v. Grant,* 199 Ill.App.3d 259, 145 Ill.Dec. 339, 556 N.E.2d 1241, 1245 (1990). In *Aronson,* the Delaware Supreme Court concluded that the futility of a pre-suit demand is established if, accepting the well-pleaded facts as true, the plaintiff raises a reasonable doubt that (1) the directors are disinterested and independent or (2) that the challenged transaction was the product of a valid exercise of the directors' business judgment. *See Powell,* 145 Ill.Dec. 339, 556 N.E.2d at 1245 (*citing Aronson,* 473 A.2d at 814); *Spillyards,* 215 Ill.Dec. 218, 662 N.E.2d at 1366.

Plaintiffs argue that the particularized allegations in their complaint sufficiently demonstrate that the Directors' management of ComEd's nuclear power plants was not the product of a valid exercise of their business judgment. Plaintiffs therefore argue that they have satisfied the second prong of the *Aronson* test for determining demand futility.

■ Of course, an "essential predicate for the *Aronson* test is the fact that a decision of the board of directors is being challenged in the derivative action." *Rales v. Blasband*, 634 A.2d 927, 933 (Del.1993). "Where there is no conscious decision by directors to act or refrain from acting, the business judgment rule has no application. [Citation omitted]. The absence of board action, therefore, makes it impossible to perform the essential inquiry contemplated by *Aronson*." *Id.* Under such circumstances, the proper inquiry is whether the board of directors "could have properly exercised its independent and disinterested business judgment in responding to a demand." *Id.* 634 A.2d at 934. Accordingly, before the court can determine whether Plaintiffs have demonstrated demand futility, the court must first determine whether the subject of Plaintiffs' derivative suit arises from the (1) Directors' conscious decision to act or refrain from acting or (2) absence of board action.

■ After carefully reviewing Plaintiffs' complaint, the court concludes that they seek to challenge the absence of board action. Plaintiffs allege in great detail that the Directors' knew that ComEd and its employees operated its nuclear power plants in violation of federal and state regulations. Plaintiffs, however, fail to allege with particularity the challenged transactions the Directors consciously approved or refused to approve. *See e.g.*, *Aronson*, 473 A.2d at 808–09 (A shareholder alleged that the directors wrongfully approved of (1) an employment agreement between the corporation and one of its directors ("Fink"), who owned 47% of the corporation's outstanding stock, and (2) interest-free loans to Fink.). Rather than specifically allege the transactions Plaintiffs challenge, Plaintiffs merely allege, in a conclusory fashion, that the Directors failed to act. For example, Plaintiffs allege that the Directors (1) "failed to exercise sufficient diligence to properly monitor and oversee management of ComEd's nuclear plants" (Pls.' Compl. at 3); (2) failed "to take effective corrective action after receiving reports in 1987, 1992, 1996, and 1997 from the Institute of Nuclear Plant Operators ...." (*Id.* at 3–4); and (3) failed to "assure that ComEd and Unicom had designed, implemented and monitored appropriate internal controls and mechanisms to insure strict and unequivocal adherence [to all government laws and regulations]" (*Id.* at 9).

The subject of Plaintiffs' derivative suit is the absence of board action. Plaintiffs allege as much: "each Director Defendant knew or should have known of repeated transgressions by ComEd's senior managers, and *did little, if anything*, to rectify this conduct, which has jeopardized ComEd's and Unicom's continued financial integrity." (*Id.* at 9–10 (emphasis added).) "The business judgment rule 'operates only in the context of director action ... it has no role where the directors have either abdicated their functions, or absent a conscious decision, failed to act.'" *Abbott*, 1994 WL 31034, at *2.

Even assuming that Plaintiffs were challenging the Directors' conscious decision to act or refrain from acting, Plaintiffs have failed to raise a reasonable doubt that the challenged transactions were the product of a valid exercise of the Directors' business judgment. Plaintiffs do not show that the challenged transactions "were 'devoid of a legitimate corporate purpose.'" *Starrels*, 870 F.2d at 1171 (citation omitted). In fact, Plaintiffs allege that the Directors were motivated by "short-term savings" and "short-term profits" for Unicom and ComEd. (Pls.' Compl. at 2–3.) Hence, the court cannot conclude that the challenged transactions are "'so egregious on its face that [it] cannot meet the test of business judgment.'" *Starrels*, 870 F.2d at 1171 (alteration in original and citation omitted).

■ Therefore, to demonstrate demand futility, Plaintiffs must satisfy the first prong of the *Aronson* test and raise a reasonable doubt that the directors are disinterested and independent. *Id.; see also Rales*, 634 A.2d at 934. In order to show lack of disinterest and independence, Plaintiffs must allege with particularity "self-dealing, personal benefit or bias." *Abbott*, 1994 WL 31034, at *2; *see also Spillyards*, 215 Ill.Dec. 218, 662 N.E.2d at 1366. The only self-interest Plaintiffs allege is that the Directors are subject to personal liability. However, the mere fact that the directors are asked to

sue themselves and risk personal liability is not enough to show lack of disinterest and independence. *Abbott,* 1994 WL 31034, at *2; *Powell,* 145 Ill.Dec. 339, 556 N.E.2d at 1245; *Aronson,* 473 A.2d at 815. Consequently, Plaintiffs are not excused from making a pre-suit demand.

As a final point, the court notes that boards of directors in Illinois are now statutorily authorized to create disinterested committees to address shareholders' complaints. *See* 805 Ill. Comp. Stat. 5/8.40. The Seventh Circuit has opined: "If even biased boards are statutorily authorized to appoint disinterested committees, fewer situations exist where it would be futile to expect the board to respond to shareholder concerns." *Boland,* 113 F.3d at 713. Furthermore, the court notes, "[m]aking demand on a board is 'relatively costless step' and 'imposing this requirement places little burden on the plaintiff.'" *Id.* (citation omitted).

### III. CONCLUSION

For the foregoing reasons, the court grants the motion of Defendants and Nominal Defendants to dismiss Plaintiffs' complaint for failure to make a pre-suit demand or demonstrate demand futility.

IT IS SO ORDERED.